Judge Chigaris Welcome counsel. We're happy to have you appear before us even by telephone. In terms of timing, we're going to abide by the 15 minutes per side tradition. I'm going to time it. I would suggest you do that as well. And is the appellant going to request some rebuttal time? Yes, Your Honor. Three minutes. Okay. That will be granted. All right. Tamara, we'll hear from you. Good morning. May it please the Court? Hara Jacobs from Ballard's Farm for the Appellant, the American Board of Internal Medicine. The district court's decision dismissing ABIM's copyright claim on statute of limitations grounds should be reversed for two reasons. First, the district court erred by not applying the discovery rule to determine whether ABIM's copyright infringement claim against Dr. Salas Rushford was timely. Once you apply the discovery rule, ABIM's claim must be reinstated because ABIM filed its complaint against Dr. Salas Rushford within three years of discovering the basis for its copyright claim against him. Second, ABIM's allegations that Dr. Salas Rushford concealed his identity were sufficient to toll the statute of limitations under the equitable tolling doctrine. The district court's decision in this case rewrites the law for the application of the discovery rule to copyright claims. This court held in Gram 1 that the federal discovery rule governed civil claims brought under the Copyright Act. This court reaffirmed that holding in Gram 2 when it stated that it would not revisit its holding that the discovery rule applies to claims under the Copyright Act, but that even if it did revisit its holding, it would reaffirm the decision of the panel in Gram 1. Instead of applying this circuit's holding in Gram 1 that the discovery rule applies to all civil claims under the Copyright Act, the district court created an exception for the application of the discovery rule for which no legal authority exists in this circuit or, for that matter, in any other circuit. The district court held that because ABIM uncovered that Dr. Salas Rushford was the person behind the Pedrino Jr. email address with six months left in the injury limitations period, the discovery rule did not apply to ABIM's copyright claim. The district court reasoned the discovery rule did not apply to ABIM because ABIM did not need an equitable extension. There is no legal authority in this circuit to support the district court's refusal to apply the discovery rule to ABIM's copyright claim. Additionally, there is no legal authority to support the district court's reasoning that a copyright plaintiff must first show a need for an equitable extension before the discovery rule will apply. Counsel, could I just interrupt you for a second? Sure. You said that you're urging reversal for two reasons. One is the discovery rule. What's the second reason? Is it an error in fraudulent concealment holding? Yeah, fraudulent concealment. Correct. Okay. We're on a judgment on the pleadings in this case? That's correct. And the Copyright Act uses the term accrued or accrual. Does that cause us any problems? Is there any difference between tolling and accrued or accrual? So I don't see that it causes any problems with respect to – well, let me ask you this. Your Honor, are you asking with respect to the discovery rule to fraudulent concealment or both? Yes, the discovery rule. So, Your Honor, no, whether the use of the term accrual in the Copyright Act does not cause an issue because, as the Third Circuit held in Gram 1, the discovery rule applies to all civil claims under the Copyright Act. And whether it's accrual – whether you consider it to be accrual or whether you consider it to be tolling, the plaintiff still has the time, you know, the time in the limitations period from when the plaintiff – oh, I'll say when the plaintiff knew or I'll just say simply, you know, should have known with due diligence. Counsel, following up on Judge Sirica's point, you know, our – well, at least this is my view. It seems our cases talk about it as an accrual rule or a tolling rule, even within – from Gram 1 to Gram 2. Gram 2 we came up with that it was a tolling rule. I guess my question would be, which is it and does it matter whether it's an accrual rule or a tolling rule? Is it accrual or world? Rule. All right. Bad pun. So, first, it doesn't matter whether it is accrual or tolling. And the reason why it doesn't matter whether it is – whether the discovery rule is accrual or tolling is that if it is – for example, if it is tolling, then what you've done is you have effectively, you know, stopped the clock on – it doesn't effectively start until the plaintiff knew or should have known with due diligence of its claim against the defendant. So, it doesn't matter. I will say in terms of whether it is accrual or whether it is tolling, while Gram 2 discusses it in – Gram 2 discusses it in terms of tolling with respect to the analysis of prejudgment interest. However, subsequent Third Circuit cases have certainly referred to it as accrual, including the Brownstein v. Lindsay case, which is a copyright case in the context of joint authorship, which is from 2014, where the court said we filed a discovery rule in determining when a cause of action begins to accrue. But, again, it doesn't matter whether it is accrual or whether it is tolling. Okay. And your position is that you've adequately pleaded deliberate concealment in this matter. So, you need not do anything more at this stage. Is that correct? Yes, Your Honor, and I was getting to that. That is correct that ABIM amply pleaded what we would call fraudulent concealment because ABIM set forth in the complaint how Dr. Salas Rushford concealed his identity by using the Padrino Jr. email address when he sent copyrighted ABIM exam items to Dr. O'Rourke. And ABIM also contrasted that with how Dr. Salas Rushford used his real name, and not a pseudonym, he used his real name and his J. Salas MD email address in communications with Dr. O'Rourke when he wasn't sending copyrighted ABIM exam content. And ABIM also alleged that it diligently investigated the identity of the person behind that Padrino Jr. email address but was unable to determine that the individual was Dr. Salas Rushford until January of 2012. Can I ask you a question, counsel? Did we hold in Forbes that active misleading for fraudulent concealment purposes requires affirmative acts other than those giving rise to the claim? Because I think what you're talking about are the facts that are giving rise to the claim. Well, to give rise to a copyright claim, you don't need to – to plead a copyright claim, you just need to plead ownership of a copyright, ownership of valid copyright in copying. You don't need to plead that somebody tried to hide their identity or even that they did it intentionally. So I would not say that the allegations about Dr. Salas Rushford here disguising his identity overlap in any way with what you need to allege to state a claim for copyright infringement. Can I ask you a practical question? If we were to agree with you on the discovery rule argument and reverse and remand, would we even need to deal with the fraudulent concealment issue? No, Your Honor, you would not. Okay. There's a lot of authority that supports your position. There's some contrary authority from the District of Columbia Circuit some years ago in Phillips v. Hine. Do you distinguish that case or do you think it's just an outlier and you should not pay any attention to it? Well, Your Honor, I definitely think that case is an outlier. My last recollection is that eight or nine of the circuits have all agreed that the discovery rule applies to civil claims under the Copyright Act, and, of course, that has been the law in this circuit for some time, which has been entirely consistently followed and should remain the law of the circuit. Good. Thank you. Do you have anything more, counsel? The only other points I wanted to add is that once the discovery rule is applied to this case and you assess the motion for judgment on the pleadings, the district court was required to accept all the pleaded allegations and the complaint is true and should draw all reasonable inferences in favor of ABIM. As I explained just a few moments ago, once you do that, you know, there is no question that ABIM's allegations amply satisfy the pleading requirements for the discovery rule. And I do want to add the point that Magistrate Judge Walder herself acknowledged on the record that Dr. Salas-Rushford's motion raised issues of fact and required the benefit of discovery for proper resolution. And, in fact, the parties in this case took extensive discovery and did that before the district court issued its decision on appeal here. And it's clear that Dr. Salas-Rushford's motion for judgment on the pleadings should have been denied. And, of course, to the extent there is any issue concerning ABIM's investigation and diligence, that is a factual issue and it cannot be resolved on a motion for judgment on the pleadings. Thank you, Counselor. Your time is up, Counselor. Do any of the judges would like to ask a question or are we set? Nothing? Okay. We'll get you on rebuttal. Thank you so much. And now we'll hear from the Police Counsel. Thank you, Judge Chigeres. May it please the Court, my name is Andrew Schlaff, Lead Counsel for Defendant Apelli, Dr. Jaime Salas-Rushford. I want to thank you, Your Honors, for holding this audio hearing. Dr. Salas-Rushford is a resident of Puerto Rico who is licensed in good standing to practice medicine there and in New York, Florida, North Carolina. He was on the one New York television news on Monday being interviewed for how he's volunteering at the Hospital Tents at Coney Island Hospital in Brooklyn where he manages 400 beds of coronavirus patients as a volunteer. He's done likewise for prior crises in Haiti and Puerto Rico. And I say that because there's been quite a bit of disparagement of Dr. Salas-Rushford in this case, and I'd request that the Court not put in an opinion any of the unproven disparagement of Dr. Salas-Rushford. And I'd like to say something about Plaintiff A.B.I.M. Just to identify the party, it's a business. It's not really a board. It doesn't have any governmental or academic authority. It simply is there to make money. It's in the lucrative business of providing so-called board certifications in the field of internal medicine, which is the specialty of Dr. Salas-Rushford. So this has nothing to do with any school. This has nothing to do with anything, any licensing requirement. It's an exam that's made available to young physicians, which Dr. Salas-Rushford was back in 2009 starting out his career in Puerto Rico, and he took a test prep course offered by an A.B.I.M.-certified physician in New Jersey. And this course was recommended to him. He didn't know anything about the course. He had no connection with the instructor. And at all relevant times, Dr. Salas-Rushford acted under the guidance of the A.B.I.M.-certified physician who was teaching the course, Dr. Arora. Dr. Salas-Rushford then passed the A.B.I.M. exam, and he never communicated any questions that he saw on his exam to anyone. So that's a little confusing. It's a little misleading, the posture of this case, the allegations. Dr. Salas-Rushford himself, he took the exam, he passed, he did not communicate any questions to anyone. A.B.I.M.'s entire claim for copyright infringement relates to Dr. Salas-Rushford's preparation for the exam, before he took it in August of 2009, preparation which was under the guidance of the A.B.I.M.-certified test prep instructor. Aren't you arguing the merits of your case rather than the statute of limitations? A little bit, yes. And I'm going to move on now. I just wanted to lay that background because, again, there's been an undue disparagement of Dr. Salas-Rushford, so I felt it was necessary to address that. But I'll move on now. Thank you, Your Honor. Judge Katherine Heiden's decision below is precisely right on multiple grounds, any one of which supports affirmance here. A.B.I.M. sued Dr. Salas-Rushford more than five years after the alleged cause of action accrued. And to the point raised by Judge Sirica, the statute of limitations in the Copyright Act does refer to accrual. And if accrual is the standard, there's no dispute that the cause of action accrued in August of 2009, and A.B.I.M. did not sue Dr. Salas-Rushford until October of 2014, more than five years later. So if accrual is the test, A.B.I.M. was years beyond the three-year statute of limitations. And, of course, they didn't have the identity of the person to sue exactly. That's what we've got here. Right. And so I'll move on to that. They allege that. But nevertheless, there's no doubt that the accrual was in August 2009. So there's no clear authority under the Copyright Act whether accrual is the standard there. This thing of discovery, we'll all get to that. But I wanted to address that point by Judge Sirica. If you come down on the express provision in the Copyright Act that accrual starts the clock, then this case is over. They were certainly more than five years after the accrual. So now going on to the discovery rule, if the court applies the discovery rule, there's also no question that the law of this circuit is that the discovery rule is an equitable tolling doctrine. It's got to be equitable. Where's the equity? There's got to be allegations that equitable tolling is appropriate. Those allegations are not in A.B.I.M.'s complaint. They don't make the points that they need to make to justify equitable tolling. And Judge Heidenbelow cited the Satel case, quoted from it, which sets forth the three-pronged test for equitable tolling. And as she quoted in her decision, she said to benefit from the equitable tolling doctrine, plaintiffs have the burden of proving three necessary elements. They have to prove all three. Number one, that the defendant actively misled the plaintiff. So that goes to a point raised here, that is fraudulent concealment an issue if discovery rule is used? Yes, it still needs to be proven. That's one of the elements. There has to be an active misleading of the plaintiff. The second element, though, that's the one that really disposes of this appeal, is that plaintiffs must prove that the active misleading of the plaintiff, quote, prevented the plaintiff from recognizing the validity of her claim within the limitations period. Aren't you talking about the – aren't these the elements for fraudulent concealment? No, Your Honor. These are the elements for the equitable tolling doctrine. Because, again, it's a tolling, but it has to be equitable. So you have to have proof and allegations that equity needs to apply here to prevent an injustice. And in the law in this circuit, certainly, and I'll get to some of the other circuits too, it's pretty much true in other circuits as well, but it's very clear in this circuit, that when the plaintiff discovers their cause of action within the statute of limitations period, then there's no need to apply equitable tolling. It doesn't apply. They realized their claim within the original statutory period. And ABIM alleges that in their complaint, that they became fully aware of all the facts they needed in January of 2012. It's right in their complaint, paragraph 50. And then the original statute did not expire until August of 2012. So they had all the facts that they needed, and they admit that, more than six months before that original statutory period expired. And under the clear case law of this circuit, Satel, which Judge Heiden quoted below, that disposes of this. They had more than six months. But, Counsel, have we dealt with a case where the identity of the defendant was unknown? I'm not aware of a specific case on point, but we don't have to, because ABIM admits they knew the identity of Dr. Sallis Rushford in January of 2012, more than six months before the original statutory period expired. They admit that. They plead it. And that's the end of this case. So why doesn't, so, well, okay, so go ahead. Yeah, no, I don't mean to cut you off. I mean, please, interrupt. No, that's all right. Go ahead. Yeah. So, and that's what Judge Heiden primarily based her decision on. And she said they had more than six months to file the complaint. And she said, by the way, when they filed it, first of all, they didn't file it for another two-and-a-half years, more than two-and-a-half years they didn't file it. And when they did file it, it was just mostly a copy-and-paste job of a complaint they filed against the test instructor in December of 2009. So it's not like they needed a lot of time to do this. They just copied and pasted the suit they'd brought in December of 2009 against the test instructor. I think your friend might argue, counsel, that it's not a matter of do they need eight months or more than eight months. Their argument is that if the discovery rule applies, they get three years from that time, not just whatever's left in the original statute of limitations. How do you respond to that? Yeah. Your Honor, that's just not the law of this circuit. It's an equitable tolling doctrine. It's not an entitlement. It's a doctrine that's rarely used where it's justified by the equities of the situation. And Satel is very clear about that. There's another case, Cunningham, which I cite in my brief, which says, we will sometimes make an exception to the statute of limitations rule where its rigid application would be unfair because a defendant concealed its wrong and prevented a diligent plaintiff from bringing her claim within the limitations period. This is not such a case. That's what's said in Cunningham, this circuit. And it's not the case here either. Even if there were fraudulent concealment, and that's not properly alleged either, but even if there were, and it is necessary to allege that improvement, but even if it were, ABM says they knew more than six months before the statute expired. So under Cunningham, it says equitable tolling only applies if the plaintiff was prevented from bringing her claim within the limitations period. And as I argued below, and I believe Judge Hyden quoted this, I mean, what attorney, when you hear about a cause of action and your statute of limitations is more than six months away, what attorney ignores that and just goes through that statute of limitations? The discovery rule is not an entitlement. It's an equitable doctrine where if you didn't discover it until after the statute expired and you had no way to meet the statute, then in a rare exception, the court will bend the statute of limitations and allow it. But here, ABI knew. They knew within the statutory period. There's no reason to bend the rule. And moreover, they had what's known under the Brownstein case is they had storm warnings back in 2009 to investigate, to do their due diligence. And all they say in their complaint is they say, well, we knew about the testing structure in 2009, but we couldn't find Dr. Salas Rushford's identity until 2012. That's more than two years later. And they give no, APM provides no allegation of the two-year delay, why there was a two-year delay, or why there was another two-and-a-half-year delay after they allegedly found his identity before they sued. There's none of that due diligence that has to be alleged and proven to satisfy the requirements of equitable tolling. Okay. Do you have anything more, counsel? Well, we're almost out of time here, Your Honor. Just maybe mention some of the other circuits. Of course, don't apply here. And with all due respect, I think if the circuit were to change the discovery rule and not require these elements of equitable tolling, I believe that would require an en banc sitting to overturn some of these prior cases, such as Sattel and Cunningham. The other circuits don't really hold any differently from the law of this circuit. There's a citation which opposing counsel cites to the Seventh Circuit, an opinion by Judge Posner. But if you look at what he said near the end of that decision, he expressly says that we do not think equitable tolling should bring about an automatic extension of the statute of limitations by the length of the tolling period or any other definite term. It is, after all, an equitable doctrine. It gives plaintiff extra time if he needs it. If he doesn't need it, there is no basis for depriving the defendant of the protection of the statute of limitations. And, Your Honor, just in my final minute here, I'd just like to... Well, counsel, can I ask you, do you have any cases that stand for the proposition that if there is still time left in the original statute of limitations, that it doesn't start anew? It just goes to when the original statute of limitations would expire? Yes, Your Honor. There are multiple cases like that. The Cunningham case, which I cited in my opposition brief, it says it's only if you're past the statute that then they discover. If they discover within the statute, attorneys are expected to meet that statute of limitations. Patel does that. Even this Posner decision, he dismissed the complaint from Seventh Circuit because they should have known within the statutory period. There's no equity. And just think, Your Honor, what this would do to copyright law if a plaintiff, through artful pleading, could say, well, sure, the accrual of the action was in this year, but I didn't learn who was really behind the posting and stuff until this time. And, therefore, I get three years from that time. It would render the statute of limitations meaningless in copyright law, Your Honor. That's what Judge Hyden held below. It's a splendid decision. There would be no meaning to the statute of limitations because artful pleading could always create a custom-made new statute of limitations for a plaintiff in these copyright cases. And that's certainly not what the Copyright Act tries to do with that three-year, short statute of limitations. Okay, counsel. Your time is up. Judge Sirica, Judge Roth, do you have any other questions? No. Okay. Thank you, counsel. And now we'll hear the rebuttal. Thank you. I just wanted to make a few short points. My first point is that there is that counsel for Dr. Salas Rushford here is conflating the discovery rule and fraudulent concealment. There is no requirement for a plaintiff to allege anything at all before the application of the discovery rule. There is no pleading requirement. There are no hurdles for that. That is number one. Number two, the Sattel case did not concern the discovery rule. It was a case decided on summary judgment and it concerned fraudulent concealment. And in that case, there was no issue about a party where it became aware of its injury during the injury limitations period. That case concerned the plaintiff's due diligence. And the prong of the test that the district court referred to here has actually been found to be untenable by other circuits, including the Sixth Circuit, the Ninth Circuit, and in the Tenth Circuit as well. And the point that those courts have made is that where a defendant clearly engages in fraudulent concealment, even though the plaintiff discovered the injury time period, the plaintiff was still entitled to a full limitations period from the time of discovery. And there's a very good policy reason for that, and there's a very good policy reason why the lower court's decision here should not stand. And that is because it punishes a diligent plaintiff that investigates and uncovers a copyright claim within the injury limitations period by providing it with a much shorter time to file suit than a plaintiff that investigates and uncovers a copyright claim outside the limitations period. And that places the plaintiff... So how do you respond to your adversary's argument that, you know, to allow long periods through a discovery rule would be at odds with the word accrual or accrue in the statute? Allowing those periods is not at odds with for how long for when the claim accrues, because whether you call it accrual or tolling, the entire point that, as well as that this circuit has recognized that there are certainly going to be plenty of circumstances where a copyright plaintiff is not going to be aware of the infringement of its work, and it should be entitled to have the opportunity to discover that and to sue. And allowing the discovery rule for copyright claims is not going to unnecessarily, you know, enlarge the time period for a plaintiff to bring suit. Okay. I think that's it, counsel. Judge Sirica, Judge Roth, do you have anything more? Let me just comment. I can appreciate why the American Board of Internal Medicine needs to keep the contents of its exams confidential since questions are reused. But in this situation, we have a defendant who is represented, and I accept that representation in the present crisis to be really performing duties that are necessary and helpful to us and endanger his own being. And it seems to me at this point the American Board of Internal Medicine ought to say I have nothing further to say. Okay. All right. Thank you, Judge Roth. And we thank counsel. I'm sorry, Judge Sirica, did you have something? No. Okay, great. Well, we thank counsel for their excellent briefing in this case and their argument as well. A very interesting case. We thank counsel. We wish counsel good health and their families as well good health. And we'll ask the clerk to adjourn this particular argument.